IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEFFREY J. JACKSON                                                                  PETITIONER

versus                                                      Civil Action No.:  2:11CV167-NBB-SAA

STATE OF MISSISSIPPI                                                               RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Jeffrey J. Jackson, Mississippi prisoner # 100300, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely, and Petitioner has responded. The Court finds the matter ripe for resolution. For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed under 28 U.S.C. § 2244(d).

In the Circuit Court of Bolivar County, Mississippi, Petitioner was convicted of three counts of aggravated assault (Counts I, II, and III) and one count of murder (Count IV). On December 5, 2003, he was sentenced to serve a term of imprisonment of fifteen years on Counts I and II, twenty years on Count III, and life on Count IV.[1] The Mississippi Court of Appeals affirmed his convictions and sentences by order issued on July 28, 2009. *See Jackson v. State*, 28 So. 3d 638 (Miss. Ct. App. 2009), *reh'g denied*, December 15, 2009, *cert. denied*, February 25, 2010 (Cause No. 2007-KA-00154). On July 13, 2010, Petitioner signed an application for leave to seek post-conviction relief in the trial court, and the application was denied by the Mississippi Supreme Court on August 11, 2010.[2] Petitioner now seeks federal habeas relief by

---

[1] ECF No. 12-1.

[2] ECF No. 12-3 and 12-4.

way of a petition for writ of habeas corpus that was signed on August 2, 2011.[3]

Resolution of Respondent's motion turns on 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Petitioner did not seek review in the United States Supreme Court after his convictions and sentences were affirmed. Therefore, Petitioner's State court judgment became final on May 26, 2010, which is ninety (90) days after the February 25, 2010, decision. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that "direct review includes a petition for writ of certiorari to the Supreme Court"). Because Petitioner's post-conviction application was

---

[3] The original petition, listed as ECF No. 1, does not bear Petitioner's signature or date. Petitioner attached the date and signature by way of an exhibit to the petition. *See* ECF No. 6.

pending between July 13, 2010 and August 11, 2010, the federal limitations period was tolled for twenty-nine (29) days beyond the May 26, 2011, deadline. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Therefore, the deadline for Petitioner's federal habeas petition was June 24, 2011.[4] However, the petition in this action was not filed until at least August 2, 2011, which is the date it was signed. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). The instant petition was filed some thirty-nine (39) days after the one-year federal limitations period expired.

The limitations period of the AEDPA may be equitably tolled if Petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citations omitted). It is available only in "rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted). In this case, Petitioner maintains that he is entitled to equitable tolling based on inadequate assistance from the Inmate Legal Assistance Program ("ILAP"), an inadequate prison law library, and administrative moves that have prevented him from filing within the limitations period. The Court finds that Petitioner's complaints do not constitute "rare and exceptional circumstances" that warrant equitable tolling, and the petition is untimely. *See, e.g., id.* at n.3 (5th Cir. 2000) (holding that an inadequate law library does not constitute "rare and exceptional circumstance"); *Felder v.*

---

[4] Although Petitioner did seek a petition for a writ of certiorari with the United States Supreme Court following the denial of his application for post-conviction relief, the United States has held that certiorari review from state collateral review does not statutorily toll the federal limitations period. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1084-85 (2007).

*Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (holding that "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling"); *Townsend v. Epps*, Cause No. 2:06cv199-M-A, 2007 WL 1687461 at *3 (N.D. Miss. June 8, 2007) (noting that inmates in custody of the Mississippi Department of Corrections have "access to the AEDPA and all other legal materials through the Inmate Legal Assistance Program").

Therefore, the Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause.

**SO ORDERED** this the 13th day of March, 2012.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE